UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD CLIFTON,

    Petitioner,

v.                                                       Case No. 2:12-cv-412
                                                      HON. ROBERT HOLMES BELL

SHANE PLACE,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner Bernard Clifton filed this petition for writ of habeas corpus, challenging his jury conviction for kidnaping, felonious assault, and two counts of possession of a firearm during the commission of a felony. Petitioner was sentenced to 20 to 40 years imprisonment for his kidnaping conviction; two years imprisonment for his felonious assault conviction; and, two years imprisonment for his felony firearm convictions. The Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

    Petitioner alleges that:

    I. Petitioner was denied his fundamental due process protections to a fair trial as guaranteed under both state and federal constitutions when the trial court failed to arraign Petitioner in circuit court, which created a jurisdictional [defect, and which voided] Petitione[r's] criminal and subsequent sentences to prison.

    II. Petitioner was denied his fundamental due process protections to a fair trial as guaranteed under both the state and federal constitutions when the trial court omitted complete jury instructions, which created not only structural error, but resulted in a jurisdictional defect through Petitioner's unlawful convictions.

>   III. Petitioner was denied his fundamental and constitutional right to a fair trial as guaranteed under both state and federal constitutions, when the prosecution committed constitutional error and violated the public trust when he allowed Petitioner to be tried and sentenced, knowing that the circuit court did not have jurisdiction over Petitioner.
>
>   IV. Petitioner was denied his fundamental and constitutional right to a fair trial as guaranteed under both state and federal constitutions, when counsel refused to meet with Petitioner at the critical pre-trial state of his criminal proceedings, refused to investigate facts, refused to interview witnesses, refused to raise an alibi defense.
>
>   V. Petitioner was denied his fundamental and constitutional right to a fair trial as guaranteed under both state and federal constitutions, when both appellate counsel refused to raise the meritorious "dead bang winner" issue on his appeal of right that Petitioner argues and articulates in this pleading, all resulting in a constructive [denial] of counsel at a critical stage of the proceeding, tantamount to abandonment on Petitioner's appeal of right.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is

contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court.

*See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that he was denied due process and fair trial protections because he was never arraigned in the state circuit court. Petitioner presented this claim in his motion for relief from judgment. The trial court concluded that Petitioner had a preliminary examination and was bound over for trial in the circuit court. The Michigan appellate courts affirmed the denial of Petitioner's motion for relief from judgment. Petitioner argues that he is not contesting the fact that he was bound over after a preliminary examination, but that he was never arraigned causing a jurisdictional defect. The state court Register of Actions shows that Petitioner was arraigned on June 4, 2007. Docket #18. Moreover, once Petitioner was bound over after his preliminary examination, the circuit court exercised jurisdiction of the case.

The United States Constitution does not require a state court arraignment, but does require a finding of probable cause before detention. In *Gerstein v. Pugh,* 420 U.S. 103 (1975), the Supreme Court held that the Fourth Amendment requires that an individual arrested cannot be restrained without a probable cause determination. Although, the Court held that the Fourth Amendment required a timely judicial determination of probable cause prior to detention, the Court stated "an illegal arrest or detention does not void a subsequent conviction." *Id*. at 119. The Court explained that "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained

pending trial without a determination of probable cause." *Id.* A probable cause determination was made in this case when Petitioner was bound over to circuit court.

Federal habeas corpus relief applies only to free a prisoner from custody that is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). A violation of a state criminal procedure regarding an arraignment does not rise to a federal constitutional violation actionable in a habeas proceeding. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, it appears that this portion of petitioner's argument should be dismissed. The Michigan courts' decisions did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that the trial court omitted jury instructions violating his due process rights. This claim was rejected by the trial court when denying Petitioner's motion for relief from judgment and that decision was affirmed by the Michigan appellate courts. Petitioner argues that the trial court was required to give complete instructions to the jury regarding the elements of the crimes before the proofs were given during trial. Further, Petitioner argues that the court erroneously instructed the jury on murder and manslaughter when he was never charged with those crimes. To the extent that Petitioner is relying on state law, this claim must fail. *Pulley*, 465 U.S. at 41; *Engle*, 456 U.S. at 119; *Smith*, 848 F.2d at 738.

In order to show a constitutional violation, petitioner must demonstrate that the instruction violated due process. *Henderson v. Kibbe*, 431 U.S. 145, 153 (1977).

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" . . . .

431 U.S. at 154. In order to justify habeas relief based on the state trial court's error, the petitioner must show that the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710, 1722 (1993); *O'Neal v. McAninch*, 513 U.S. 432 (1995); *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239 (1946). The Supreme Court stated "if one cannot say with fair assurance, . . . that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected," *Kotteakos*, 328 U.S. at 750, 66 S. Ct at 1248, and if a judge is in "grave doubt" as to whether a constitutional error had a substantial effect on a jury, that error is not harmless and the petitioner must win. *O'Neal*, 115 S. Ct. at 995. Under *Brecht*, petitioner must show that the trial error resulted in actual prejudice. In the opinion of the undersigned, Petitioner has not established such error. The Michigan courts' decisions did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that the prosecutor committed misconduct by allowing Petitioner to go trial without first being arraigned. This claim was rejected in the state courts. Moreover, the

record shows that Petitioner was arraigned, and more importantly received a probable cause hearing before he was bound over to the circuit court. Petitioner cannot show prosecutorial error occurred when his underlying claim does not rise to the level of a Constitutional violation.

Petitioner argues that his trial counsel was ineffective for failing to meet with him, failing to investigate, and failing to develop an alibi defense. This claim was rejected in the state courts when Petitioner first presented it in his motion for relief from judgment. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

In the opinion of the undersigned, Petitioner failed to show that his trial counsel was ineffective. The evidence against Petitioner was particularly strong. The fact that the victim

identified Petitioner at the preliminary examination and indicated that she had known him for a month and one half was enough for defense counsel to not focus on an alibi defense, since it was apparent that Petitioner was at the scene of the crime. Further, the fact that Petitioner was at the scene of the crime when the police arrived damages his assertion that he had an alibi defense. Rather, counsel was effective in trying to separate Petitioner from the other defendants' actions and to focus on the lack of physical evidence that linked Petitioner to the crime.

Similarly, in the opinion of the undersigned, Petitioner's claim of ineffective assistance of counsel for failing to raise these issues on appeal lacks merit. This claim was also rejected in the state courts. An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). Petitioner's asserted claims lack merit and could not have been successful on direct appeal. The Michigan courts' decisions did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 9, 2015        /s/ TIMOTHY P. GREELEY
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE