UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD CLIFTON,

        Petitioner,

                                                           File No. 2:12-cv-412

v.

                                                           HON. ROBERT HOLMES BELL

SHANE PLACE,

        Respondent.
                                                   /

**MEMORANDUM OPINION AND ORDER**
**<u>ADOPTING THE REPORT AND RECOMMENDATION</u>**

On September 9, 2015, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Petitioner Bernard Clifton's 28 U.S.C. § 2254 petition be denied (ECF No. 51). Petitioner filed timely objections to the R&R (ECF No. 52). For the reasons that follow, Petitioner's objections will be denied and the R&R will be adopted as the opinion of the Court.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner's first objects to the magistrate judge's determination that his counsel was not ineffective for failing to pursue an alibi defense. Petitioner claims that both his grandmother and his girlfriend, Charmika Brown, could have supported an alibi defense, but

his counsel did not investigate them or call them to testify. The magistrate judge determined that counsel's actions were reasonable because the evidence against Petitioner was strong. One of the victims identified him at the preliminary investigation and Petitioner was arrested at the scene of the crime. (*See* R&R 7-8.)

In response, Petitioner erroneously asserts that the victim never testified that Petitioner committed a crime against her, or that he was at the scene of the crime on the night in question. (Objections 1.) To the contrary, the primary victim, Eden, testified at length about Petitioner's involvement in the alleged offenses, both at the preliminary examination and at trial. In addition, another individual who was present when the crimes were taking place, Stephen Hibbard, confirmed much of Eden's testimony. A third individual, Joshua Johnson, confirmed that Petitioner was present at the scene. Johnson also directly implicated Petitioner in the alleged kidnaping, assault and use of a firearm when he was initially interviewed by the police, though his testimony changed somewhat at trial. Consequently, the Court agrees with the magistrate judge that the evidence of Petitioner's guilt for the alleged offenses was very strong.

Petitioner does not indicate what evidence his grandmother would have given. He claims that she "vouched" for him "as elaborated at" his preliminary examination (Mem. in Support of Pet. 13, ECF No. 3.) Petitioner does not explain what this means, or why it would have been relevant to his defense. Contrary to his assertion, his grandmother did not testify at the preliminary examination.

Petitioner has also offered an affidavit from his girlfriend, Charmika Brown, which claims that Petitioner was at her residence at 23 S. 24th Street in Battle Creek, Michigan, on May 31, 2007 (Charmika Aff., ECF No. 11-1). This statement is not particularly helpful for Petitioner, as 23 S. 24th Street is next door to the location where many of the events at issue took place. The two locations are essentially part of the same building. (Trial Tr. III at 76, ECF No. 26.) Thus, the statement places Petitioner extremely close to the events at issue. Ms. Brown does not claim that Petitioner was at her house for the entire day. Consequently, her statement does not provide a very strong alibi.

Even if Ms. Brown had testified that Petitioner was at her house for the entire day on May 31, 2007, her testimony would have contradicted the detailed testimony of several other witnesses at trial. It also would have contradicted Petitioner's own statements and conduct. Petitioner told the police that he was walking on the sidewalk, or was knocking on the door of his girlfriend's house, or had been at his girlfriend's house for only 5 minutes, when he was first contacted by the police. (Trial Tr. III at 61.) If so, then he could have been present at the scene of the crime when it occurred. Thus, in light of the other evidence presented at trial, it was not unreasonable for counsel not to pursue this defense, and Petitioner was not prejudiced by the lack of such a defense. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Petitioner cites *Clinkscale v. Carter*, 375 F.3d 430 (6th Cir. 2004) for the proposition that the failure to file a notice of an alibi defense constitutes ineffective assistance of counsel. That case is distinguishable. In *Clinkscale*, the prosecutor had a much weaker case than the prosecutors in Petitioner's case. *See id.* at 445 (noting the "notable weaknesses in the prosecution's case" when concluding that the petitioner was prejudiced). The "most damaging evidence" in Clinkscale's case was the testimony of the victim, and that testimony had several flaws. *Id.* The victim initially stated that she did not know the perpetrator, even though she knew the defendant. Also, the victim identified another individual as the defendant's partner in crime, but the police conclusively determined that the other individual could not have been involved. Moreover, alibi evidence would have been especially helpful for Clinkscale because the case "boiled down to a credibility contest" between the victim and the defendant. *Id.* The evidence in Petitioner's case is very different. Several eyewitnesses confirmed Petitioner's involvement in the crimes at issue. In addition, the substance of Petitioner's evidence in support of his alibi defense is very weak, and coming from a family member or girlfriend, its credibility is diminished. It would have done very little to undermine the other evidence against him.

Petitioner also cites *Ballinger v. Prelesnik*, 844 F. Supp. 2d 857 (E.D. Mich. 2012) in support of his ineffective-assistance claim, but that decision was overturned by the Court of Appeals, which determined that the petitioner did not have a viable ineffective-assistance

4

claim. *See Ballinger v. Prelesnik*, 709 F.3d 558, 563 (6th Cir. 2013). Thus, the *Ballinger* case provides no support for Petitioner's argument.

In short, the Court discerns no error in the findings or conclusions of the R&R. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (ECF No. 52) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 51) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find that the Court's disposition of Petitioner's claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A judgment will enter consistent with this memorandum opinion and order.

Dated: March 18, 2016                               /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE